The Phenix Insurance Company *v.* Lamar.

No. 12,585.

106  513
126  415

THE PHENIX INSURANCE COMPANY *v.* LAMAR.

. INSURANCE.—*Stipulation Against Other Insurance " Whether Valid or Not."* ··
*When Policy Avoided.*—Where a policy of insurance stipulates that it
shall be void, if, without the consent of the company issuing it, other
insurance shall be obtained, whether valid or not, a prohibited policy
which requires the production of extraneous facts to avoid it is within
the condition, but not so one that is in and of itself void and constitutes
no contract of insurance.

From the Spencer Circuit Court.

*A. Gilchrist, C. A. DeBruler, B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellant.

*W. H. Thomas* and *E.·M.·Swan,* for appellee.

MITCHELL, J.—This was a suit by William S. Lamar
against the Phenix Insurance Company, to recover for an al-
leged loss by fire, under a policy of insurance issued upon
the property of the former.

The policy contained this condition: " If the assured shall
have, or shall hereafter make, any other insurance (whether
valid or not) on the property herein described, or any part
thereof, without the consent of this company written hereon,"
this policy shall be void.

The insurance company answered that the condition above
set out had been violated, in this, that the insured had, prior
to the receipt of the policy on which suit was brought, ac-
cepted a policy of insurance for $500, covering a part of the
property insured, which policy so accepted had been issued
by the Germania Insurance Company of New York, and
which remained in force at the time that in suit was taken
out, and that no consent to this latter policy was endorsed on
the policy in suit, or was otherwise given.

To this it was replied that the Germania policy contained
a provision avoiding it, in case of the existence or subsequent
procurement of other insurance upon the property therein

described, unless specially agreed to in writing in or upon such policy; that at the date the Germania's policy was received, the assured held a policy for $2,000, issued by the Home Insurance Company of New York, covering the same property, and that no consent by the Germania had been given to the policy which the assured held in the Home, and that for that reason the policy held in the Germania was, and had been at all times invalid and void.

Upon demurrer this was held a sufficient reply. A recovery was accordingly had for the amount stipulated in the policy.

The reply, it will be observed, seeks to avoid the effect of the condition against other insurance, by the assumption that only such other insurance as is valid and enforceable is within the inhibition of the contract.

Since, however, there is put forward no claim of mistake, surprise or other circumstance which would authorize a modification of the condition, or relieve the insured from its effect, the contract, as the parties had deliberately chosen to make it for themselves, must furnish the measure of their rights. The inquiry must be, what have the parties agreed to?

In determining the liability of insurance companies, stipulations similar to that above set out have been the subject of much discussion, and not a little contrariety of opinion. There are cases in which the condition in respect to further insurance is general, the conventional phrase, "whether valid or not," being absent, which proceed upon such a construction of the contract as brings within its prohibition only such other insurance as is valid and enforceable. That other insurance has been taken by the insured, which at the time of the loss is inoperative, or voidable, so that no action could be successfully maintained for its recovery, is held in the cases referred to, not to operate in avoidance of a policy containing the ordinary stipulation against such further insurance. Conspicuous among the later cases which adopt this view are the following: *Sutherland* v. *Old Dominion Ins. Co.*, 31 Grat.

176; *Fireman's Ins. Co.* v. *Holt*, 35 Ohio St. 189 (35 Am. R. 601); *Dahlberg* v. *St. Louis M. Ins. Co.*, 6 Mo. App. 121; *Gee* v. *Cheshire Co. M. F. Ins. Co.*, 55 N. H. 65 (20 Am. R. 171). To the foregoing may be added *Hubbard* v. *Hartford Fire Ins. Co.*, 33 Iowa, 325 (11 Am. R. 125), which, in a modified form, holds the same general doctrine.

On the other hand, cases which seem well supported in reason, proceed upon the theory that the only purpose for which provisions of the character under consideration are inserted in policies is to protect the insurer against the hazard of over-insurance, by taking away the motive which the insured might otherwise have for the destruction of his own property. Other insurance taken without consent, whether valid or not, is held to avoid the policy in violation of which it has been taken. The assumption is, that the vigilance of the property-owner will be stimulated to guard against loss by requiring him to maintain such relation to the property insured as that its destruction by fire shall not enure to his pecuniary benefit.

Such being confessedly the purpose of the contract, it is not perceived how its object is in any degree promoted by the conclusion that notwithstanding the insured may have intended to secure over-insurance, and may have firmly believed he had succeeded in doing so, it is only where the attempt is actually successful that the prohibitory condition is operative. It might be said with much reason that such a construction defeats the purpose of the provision, and renders it practically nugatory.

Moreover, to hold that only such other insurance as is not void, and can not be avoided by extraneous facts, is within the prohibition of the contract, affords the opportunity for the anomalous spectacle of an insured avoiding the effect of apparent over-insurance and compelling payment of one policy by exhibiting his own turpitude in obtaining another.

It is held in some cases that subsequent or further insurance, created by policies which are totally void, is no obstacle

in the way of a recovery on the policy on which the claim is made. *Rising Sun Ins. Co.* v. *Slaughter*, 20 Ind. 520. If, however, such policies are voidable only for some breach of condition, for which the insurer might avoid them, they are within the prohibition against further insurance. *Funke* v. *Minnesota, etc., Ins. Ass'n*, 29 Minn. 347 (43 Am. R. 216); *Baer* v. *Phœnix Ins. Co.*, 4 Bush, 242; *Suggs* v. *Liverpool, etc., Ins. Co.*, 9 Ins. L. J. 657; *Landers* v. *Watertown Fire Ins. Co.*, 86 N. Y. 414 (40 Am. R. 554); *Bigler* v. *N. Y. C. Ins. Co.*, 22 N. Y. 402; *Lackey* v. *Georgia Home Ins. Co.*, 42 Ga. 456; *David* v. *Hartford Ins. Co.*, 13 Iowa, 69; *Carpenter* v. *Providence, etc., Ins. Co.*, 16 Peters, 495.

It is, however, not necessary for us to determine or further intimate an opinion upon the proper construction of a policy which simply stipulates that other insurance taken without the consent of the insurer shall render the policy void. It may well be assumed that the prevailing uncertainty and contrariety of opinion on that subject was the efficient cause for introducing into the policy sued on the phrase which distinguishes it from the policies involved in the cases referred to.

The contract is, that other insurance, "*whether valid or not*," taken without the written consent of the insurance company, shall render the policy void. It was thus agreed that the validity or invalidity of other insurance, taken without the written consent of the insurer, should not be the subject of future contract. Any contract of insurance, so held or accepted, was to render the policy in suit void. This agreement was not against public policy, nor prohibited by law. So far as appears, it was with a full comprehension of its terms, deliberately entered into. It is, therefore, to have effect according to its plain and obvious meaning. *Northwestern M. L. Ins. Co.* v. *Hazelett*, 105 Ind. 212; *Continental Ins. Co.* v. *Hulman*, 92 Ill. 145 (34 Am. R. 122); *Liverpool, etc., Ins. Co.* v. *Verdier*, 35 Mich. 395.

So far as appears, the policy in the Germania Insurance Company was regarded both by the insurance company which

issued it, and the insured, as being valid and in force at the time the policy in suit was accepted, as well as when the loss occurred. Whatever we might conclude in respect to the ordinary condition concerning further insurance, we are clear that where the parties, as in the case before us, have stipulated in their contract that other insurance, whether valid or not, shall avoid the policy, the effect of such a stipulation can not be avoided by showing that the prohibited insurance was invalid.

As applicable to a policy embracing a condition of that description, this general principle may be stated: If the prohibited policy, held or received by the insured, is in and of itself invalid and void, so that it in fact constitutes no contract of insurance, it will not affect the validity of that under which the claim for indemnity is made. But if to avoid it, requires the production of facts extraneous to the policy, it will be within the condition against further insurance, and unless consented to will render the other voidable. We are thus led to the conclusion that the court erred in overruling the demurrer to the reply.

A further question arising upon the evidence is suggested, but as, upon the facts disclosed, it can not be material, in view of future considerations, that we decide it, without considering that question, the judgment is reversed with costs, with directions to the court below to sustain the demurrer to the second paragraph of the reply, and for further proceedings not inconsistent with this opinion.

Filed May 25, 1886.