Havens *v* The Home Insurance Company.

No. 12,527.

## HAVENS *v.* THE HOME INSURANCE COMPANY.

INSURANCE.—*Stipulation Against Other Insurance without Written Consent Endorsed on Policy.*— *Forfeiture.*— *Waiver.*— *Estoppel.*—*Pleading.*—In an action to recover on a policy of fire insurance, stipulating that "if the assured shall have or shall hereafter make any other insurance on the property insured, or any part thereof, without the consent of the company hereon written, this policy shall be void," a complaint, alleging that after the policy was executed an agreement was made that other insurance might be taken, and that a written stipulation to that effect would be inserted in the policy, and also showing that other valid insurance was taken, without any notice to the company or request to insert the stipulation agreed upon, does not show a waiver of the condition against further insurance or estop the company to insist that there has been a breach of such condition, and is bad on demurrer.

SAME.—*Separate Items or Classes of Property Insured.* — *When Contract and Risk Indivisible.*—*Policy Void as to Part Void as to All.*—Where the property covered by a policy of insurance, although consisting of separate items, appears to be so situate as to constitute substantially one risk—as a building and the furniture in it—then, even though separate amounts of insurance be apportioned to each separate item or class of property, if the consideration for the contract and the risk are both indivisible, the contract must be treated as entire; and any breach of a stipulation which renders the policy void as to part affects in the same manner all the other items.

SAME.—*Construction of Policy.*—*Measure of Rights and Obligations.*—While courts incline to such a liberal construction of insurance contracts in favor of the insured as, if possible, to avoid a forfeiture, yet, where parties have, without fraud, mistake or surprise, deliberately entered into a contract, that alone must be looked to as furnishing the measure of their respective rights and obligations.

From the Grant Circuit Court.

*J. F. McDowell, H. Brownlee, G. A. Henry, F. M. Finch* and *J. A. Finch,* for appellant.

*B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellee.

MITCHELL, J.—This action was brought by Sarah Havens upon a policy of fire insurance issued to her by the Home Insurance Company of New York, on the 2d day of December, 1883. The insurance was for the period of one year, against loss or damage by fire, to the amount of

Havens *v.* The Home Insurance Company.

$2,000, as follows: $1,500 upon the hotel buildings of the assured in Marion, Indiana, and $500 on her furniture and household goods therein. Among other stipulations the policy contained the following: "If the assured shall have or shall hereafter make any other insurance on the property insured, or any part thereof, without the consent of the company hereon written, * * * this policy shall be void." There was also the following stipulation in the policy: "The use of general terms or anything less than a distinct, specific agreement, clearly expressed and endorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein."

The first paragraph of the complaint alleged the execution of the policy, and that the property thereby insured had been destroyed by fire on the 30th day of November, 1884, and that due proof of loss had been made, etc. This paragraph contains the following averment: "The plaintiff further avers that it was expressly agreed and understood that said plaintiff was to have permission to take out an additional insurance of $1,000 on said building in any other company and at any time she desired, and said company agreed to insert said condition in said policy, which it wholly failed to do. And plaintiff says, that relying upon said promise, and in pursuance of said contract and agreement, she had effected an insurance on said building in the sum of $1,000, in the Phenix Insurance Company of Brooklyn, New York, * * * as permitted by the express agreement aforesaid."

The court below sustained a demurrer to this paragraph of the complaint.

The appellant's claim is, that the averments above set out in effect show that the insurance company agreed or consented that the assured might procure other insurance on the building, and that, having so consented, it is now estopped to assert that there has been a breach of the condition because the consent of the company was not endorsed on the policy. It is said the agreement amounted to a waiver of

the condition requiring that the consent of the company to other insurance should be so endorsed.

Insurance policies are prepared by the companies, and contracts of insurance are usually consummated by experts on the one hand, and inexperts on the other. The policy of the law is, therefore, to give them such an interpretation as to prevent a forfeiture whenever upon principles of fair construction such a result is possible.

It is abundantly settled that, notwithstanding conditions in the policy, if at the time the insurance was effected, or afterwards, there were conditions, uses or incidents of the risk which were in conflict with conditions in the policy, and which were known to the insurer, or its agent, whose knowledge is imputable to the company, such conditions, uses, or incidents can not be used to defeat a recovery after a loss has occurred.

Issuing or continuing a policy of insurance, with full knowledge by the company of existing facts, which, according to a condition of the contract, make it voidable, is a waiver of the condition. If it were otherwise, the company would be enabled to perpetrate a fraud upon the assured. *Home Ins. Co.* v. *Duke*, 84 Ind. 253; *Ætna Ins. Co.* v. *Shryer*, 85 Ind. 362; *Excelsior, etc., Ass'n* v. *Riddle*, 91 Ind. 84; *Indiana Ins. Co.* v. *Capehart*, 108 Ind. 270.

Thus it has been held in a somewhat analogous case, notwithstanding an insurance policy contained printed stipulations almost identical with those above set out, in respect to obtaining other insurance, and in respect to matters which should not be construed as a waiver of any condition or restriction contained in the policy, yet, where an agent whose authority was not shown to have been restricted, inserted in the policy, "$3,000 other insurance permitted," and who was shown to have had knowledge that other insurance had been obtained, but conveyed to the insured the impression that the written consent of the company was not necessary, that the insurance company was estopped to dispute the valid-

Havens *v.* The Home Insurance Company.

ity of the additional insurance. *Westchester Fire Ins. Co.* v. *Earle,* 33 Mich. 143; *Hadley* v. *Insurance Co.,* 55 N. H. 110; *Pitney* v. *Glen's Falls Ins. Co.,* 65 N. Y. 6; *American Ins. Co.* v. *Luttrell,* 89 Ill. 314.

The tendency of the modern cases is to hold that, if notice be duly given to the company or its agent of additional insurance, or if actual knowledge is brought home that other insurance exists, or has been obtained, and no objection is made, the company will be estopped from insisting on a forfeiture because its consent was not endorsed on the policy. Wood Fire Ins., sections 382, 383; May Ins., sections 369, 370. Having knowledge of the other insurance, the company may manifest its dissent by cancelling its policy; otherwise it will be treated as having assented, and waived compliance with the condition.

This does not deny to insurance companies the right to impose conditions upon which they will assume risks; it does nothing more than to prevent them from taking advantage of conditions, when they have full knowledge of incidents and facts connected with the risk, which are inconsistent with the conditions imposed. It should be observed that the authorities make a distinction in this regard between mutual insurance companies, whose charters require that the consent of the company shall be endorsed on the policy in respect to certain matters, and such companies as regulate the subject-matter under consideration by contract merely.

The principles relied on, although abundantly supported, as controlling in cases somewhat analogous to this, do not reach the necessities of the appellant's case. The case made by the first paragraph of the complaint proceeds upon the theory that another valid policy of insurance had been taken out by the assured in the Phenix Insurance Company of Brooklyn, New York, after the issuance of the policy in suit, and before the destruction of the property by fire. It seeks to avoid the effect of the condition providing for a forfeiture of the policy, by the averment that it was agreed that the

plaintiff should have permission to take out additional insurance, to the amount of $1,000, in any company, and at any time she desired to do so, and that the company agreed to insert such a stipulation in the policy, but wholly failed to insert the stipulation as agreed. It does not appear when this agreement was màde, whether before or after the execution of the policy. If it was made before, it does not appear that the appellant was induced to accept the policy without full knowledge that the stipulation was absent, nor does the complaint ask for a reformation of the contract. The appellant argues that a fair reading of the contract leads to the conclusion that it was made subsequent to the issuing of the policy. If this be conceded, it in no wise helps the appellant.

If it were admitted that the oral agreement relied on was valid, it effects no substantial modification of the original contract. In any event, permission to take other insurance was to be in writing. Such permission could only have been given by the assured presenting the policy to the company or its agent, and requesting that the stipulation be written in or upon the policy.

After its execution the policy was presumably in the possession of the assured. It does not appear that she ever requested that the stipulation orally agreed upon should be inserted, or that the company or its agent ever had any notice that she had taken, or desired to take, additional insurance. The company was, therefore, guilty of no neglect or wrong.

The position of the appellant comes to this: After the policy was executed, an agreement was made that other insurance might be taken, and that a written stipulation to that effect would be inserted in the policy. Other valid insurance was taken, without any notice to the company or request to insert the stipulation agreed upon, and now it is said the company is estopped to insist upon the condition printed in the policy. This position is not sustainable. As has been seen, insurance companies are estopped to insist upon the enforcement of conditions when they have knowl-

edge of existing facts which are inconsistent with the conditions imposed. Knowledge of the facts raises a presumption that the company waived the condition, and upon principles of honesty and fair dealing, the law holds it estopped to say to the contrary when such knowledge is shown. Admitting all the facts pleaded to be true, the insurance company has been guilty of no misconduct upon which an estoppel can be predicated. The assured has chosen to stand upon the policy as she received it. With the concession in her complaint that she violated a condition of the policy by taking other insurance, without the consent of, and without notice to the company or its agent, the court could not have done otherwise than sustain the demurrer.

The second paragraph of the complaint waived any right or claim to recover for the destruction of the building, and proceeded only for the loss of the furniture and household goods covered by the policy. To this paragraph the company answered the condition against obtaining other insurance on the property insured, or any part thereof, without the written consent of the company, and alleged that since the issuance of the policy sued on, other valid insurance had been so obtained upon the hotel building. The answer further averred, that the furniture covered by the policy was contained and used in the hotel, and that both formed one risk, and were insured by the same contract and upon one and the same consideration. This was held to be a sufficient answer.

Since part of the insurance was apportioned to the building, and part to the furniture and household goods therein, the question presented is, whether it was competent for the plaintiff to recover that part apportioned to the furniture and household goods, notwithstanding the policy had been voided as to the building. On appellant's behalf, the argument is, that the contract is divisible, and that it does not follow that because it was voided as to the building, it should also be voided in respect to the furniture.

There is apparently some contrariety of opinion as to the construction of contracts of insurance, and as to the right of the assured to recover in cases somewhat analogous to that under consideration. Where the contract is entire, it seems to be conceded that a breach of condition affects the entire risk, but the authorities are not uniformly agreed as to what constitutes an entire contract, as applied to policies of insurance. So far as we are apprised, the question presented has not been heretofore considered by this court.

Confining the decision to the case in hand, our conclusion, after a careful examination of the authorities, is, that the policy under consideration is to be treated as an entire, indivisible contract in respect to the condition in question.

The purpose of inserting conditions against other insurance in policies manifestly is to protect the company from the hazard of over-insurance, by compelling the assured to continue to be personally interested in the preservation of his property. The condition assumes that the vigilance of the property-owner will be stimulated, and that he will be more watchful to guard against fire in case his relation to the property is such that its destruction by fire will entail a loss rather than a benefit upon him. *Phenix Ins. Co.* v. *Lamar,* 106 Ind. 513 (55 Am. R. 764). In order, therefore, to give effect to the condition, according to the intent and purpose of the contract, it follows necessarily that where the property covered by one policy, although consisting of separate items, appears to be so situate as to constitute substantially one risk, then, even though separate amounts of insurance be apportioned to each separate item or class of property, if the consideration for the contract, and the risk, are both indivisible, the contract must be treated as entire, nevertheless. To such a policy the principles governing entire and indivisible contracts are applicable, for the reason that the matter which renders the policy void as to part affects the risk of the insurer in respect to the other items in the same manner as it affects those items in re-

spect to which the contract is voided. In such a case the only effect of apportioning the amount of the insurance upon the separate items of property specified in the policy is to limit the extent of the company's liability to the sum specified upon each item or class of property insured.

While many well considered cases seem to justify a much broader conclusion than that above stated, in regard to the indivisibility of insurance contracts, we believe that in the main the authorities may be harmonized on the principles above stated, which we regard as the better view of the subject. *Ætna Ins. Co.* v. *Resh,* 44 Mich. 55 (38 Am. R. 228); *McGowan* v. *People's M. F. Ins. Co.,* 54 Vt. 211 (41 Am. R. 843); *Gottsman* v. *Pennsylvania Ins. Co.,* 56 Pa. St. 210; *Schumitsch* v. *American Ins. Co.,* 48 Wis. 26; *Hinman* v. *Hartford F. Ins. Co.,* 36 Wis. 159; *Plath* v. *Minnesota, etc., Ins. Ass'n,* 23 Minn. 479 (23 Am. R. 697; *Bowman* v. *Franklin F. Ins. Co.,* 40 Md. 620; *Moore* v. *Virginia, etc., Ins. Co.,* 28 Gratt. 508 (26 Am. R. 373); *Lovejoy* v. *Augusta M. F. Ins. Co.,* 45 Maine, 472; *Richardson* v. *Maine Ins. Co.,* 46 Maine, 394; *Gould* v. *York Co. M. F. Ins. Co.,* 47 Maine, 403; *Barnes* v. *Union Mutual F. Ins. Co.,* 51 Maine, 110; *Day* v. *Charter Oak, etc., Ins. Co.,* 51 Maine, 91; *Lee* v. *Howard F. Ins. Co.,* 3 Gray, 583; *Kimball* v. *Howard F. Ins. Co.,* 8 Gray, 33; *Freismuth* v. *Agawam M. F. Ins. Co.,* 10 Cush. 587; *Brown* v. *People's Mutual Ins. Co.,* 11 Cush. 280; *Garver* v. *Hawkeye Ins. Co.,* 69 Iowa, 202; Wood Fire Ins., section 165.

In the following, among other, cases which involved suits upon insurance policies, wherein different properties were insured for separate sums, the contracts were held divisible, and the policy-holder, in each instance, allowed to recover as to some of the separate items, notwithstanding there had been a violation of some condition which avoided the policy as to other items included in the same policy. *Merrill* v. *Agricultural Ins. Co.,* 73 N. Y. 452 (29 Am. R. 184); *Trench* v.

*Chenango Co. M. Ins. Co.,* 7 Hill, 122; *Koontz* v. *Hannibal,. etc., Ins. Co.,* 42 Mo. 126; *Loehner* v. *Home M. F. Ins. Co.,. 17* Mo. 247; *Commercial Ins. Co.* v. *Spankneble,* 52 Ill. 53; *Hartford F. Ins. Co.* v. *Walsh,* 54 Ill. 164 (5 Am. R. 115).

While we concur in the suggestion that courts incline toward such a liberal construction of insurance contracts in favor of the assured as, if possible, to avoid a forfeiture, yet where parties have, without fraud, mistake or surprise, deliberately entered into a contract, that alone must be looked to as furnishing the measure of their respective rights and obligations. *Phenix Ins. Co.* v. *Lamar, supra.* Courts can not by construction compel insurance companies to assume obligations which they have fairly guarded against, in order to protect themselves against imposition, so that their solvency may be legitimately preserved, in order to afford indemnity to policy-holders who observe their contracts.

In the case under consideration the risk on the furniture was affected by the same cause that rendered the policy void upon the building. It follows that the policy was avoided *in toto.*

The judgment is affirmed, with costs.

Filed May 24, 1887.