FARMERS NATIONAL LIFE INSURANCE COMPANY v. HALE.

[No. 9,625.   Filed February 19, 1919.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Error assigned on the overruling of a motion for new trial is waived by appellant's failure to state any proposition or point in its brief in reference thereto.   p. 422.

2. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*— Error, if any, in sustaining a demurrer to a paragraph of answer was harmless where the facts alleged therein were provable under another paragraph of answer.   p. 422.

3. INSURANCE.—*Life Insurance.—Waiver of Conditions.—Acceptance of Premiums.*—Where an insurer accepted the first annual premium on a life policy with knowledge that the insured was not in good health at the time, it waived a provision in the policy providing that the policy should not be binding until the first annual premium is paid during the good health of the insured.   p. 423.

4. INSURANCE.—*Life Insurance.—Affirmance of Policy.*—Where insured was not in good health at the time the first annual premium on a life policy was paid, and the insurer, subsequently learning such fact, failed to take the necessary steps with reasonable promptness to avoid the policy under a stipulation thereof providing that the policy should not become binding until payment of the first annual premium during the good health of insured, the insurer will be held to have affirmed the policy.   p. 423.

5. INSURANCE.—*Life Insurance.—Avoidance of Policy.—Return of Premiums.*—Where insured was in poor health at the time of the payment of the first annual premium, it was necessary for the insurer, to avoid the policy because of a breach of a provision therein stipulating that the policy should not be binding until the payment of the first annual premium during the good health of the insured, to notify insured of its election to avoid the policy, its reasons therefor, and to tender back the premium paid.   p. 423.

Farmers, etc., Ins. Co. *v.* Hale—69 Ind. App. 413.

6. INSURANCE. — *Life Insurance.* — *Prepayment of Premium.* — *Waiver.*—A provision in a life policy that it should not be binding until the first annual premium was paid while insured was in good health was inserted in the policy for the benefit of the insured, and could be waived by it. p. 425.

7. INSURANCE. — *Life Insurance.* — *Prepayment of Premium.* — *Waiver.*—*Evidence.*—Where the insurer delivered a life policy, dated May 3, 1913, to insured in the spring of that year, with knowledge that insured had not paid the first annual premium, and in the fall of the same year insured, through an arrangement with the insurer's secretary, paid the net amount of the first annual premium, which was retained by the company continuously until the day of trial of the action on the policy before it was tendered back, and in April, 1914, the insurer sent to insured a notice that the second annual premium would become due in the following May, the insured waived a condition of the policy stipulating that it should not become binding until the first annual premium had actually been paid. p. 425.

8. INSURANCE. — *Life Insurance.* — *Prepayment of Premium.* — *Waiver.*—*Effect.*—Where the insurer waived the prepayment of the first annual premium on a life policy, as required by a provision thereof, it in effect extended credit to insured for such premium, and insured's failure to pay the premium would not work a forfeiture of the policy under such circumstances in the absence of a provision to that effect. p. 426.

9. APPEAL.—*Review.*—*Search of Record.*—The court on appeal will not search the record for errors on which to base a reversal. p. 427.

10. INSURANCE.—*Life Insurance.*—*Payment of Premium.*—*Waiver.*—*Effect.*—Where an insurer waived its right to require the payment of the first annual premium before a policy became effective, such right cannot be reclaimed by the insurer and a defense predicated thereon in an action to recover on the policy. p. 427.

11. APPEAL.—*Review.*—*Harmless Error.*—*Erroneous Conclusions of Law.*—In an action on a life insurance policy, any statement in the conclusions of law as to the right of recovery, notwithstanding insured's failure to pay the first annual premium and a provision in the policy requiring such payment, was harmless, even though unauthorized, where the right of recovery did not depend on the actual payment of such premium. p. 427.

12. APPEAL.—*Review.*—*Harmless Error.*—*Defective Conclusions of Law.*—Where the conclusions of law, properly stated on the facts found, justify the judgment, the statement of other erroneous conclusions of law is not reversible error. p. 427.

From Delaware Circuit Court; *Frank Ellis,* Judge.

Action by Mary Louise Hale against the Farmers National Life Insurance Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Willard C. McNitt* and *Silverburg, Bracken & Gray,* for appellant.

*Cromer & Long,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover on an insurance policy alleged to have been issued on the life of William F. Hale, in which appellee was named as the beneficiary. The amended complaint is in a single paragraph, and alleges the issuance and delivery of the policy, the payment of the first annual premium thereon, the death of the insured, and the proper notice and proof of such death. A copy of the policy was made a part of the amended complaint as an exhibit. To this complaint appellant filed an answer in three paragraphs. The first is a general denial. The second alleges that the policy was not to become binding upon appellant until the first annual premium of $105.68 was paid; that neither said sum nor any part thereof was paid to appellant; and that the policy was without consideration. The third paragraph is as follows:

"The defendant, for a further and third paragraph of answer to plaintiff's amended complaint herein, says that the annual premium on said policy of insurance sued on herein, was $105.68, and that said premium was due and payable by the insured at the time said policy of insurance was issued and delivered to said insured. The defendant further says that said policy of insurance so sued on specifically provides, and as a condition precedent to its validity, that said

'policy of insurance shall not become binding upon the defendant company until the first annual premium is actually paid during the lifetime and good health ·of the insured,' but this defendant says that said sum of $105.68, or any part thereof, was never paid to the defendant company, or to any of its duly authorized agents, during the good health of the insured, as provided in said policy of insurance. That by reason of the facts so alleged, the policy sued on in plaintiff's amended complaint is invalid, void and of no effect.''

Appellee filed a separate demurrer to each the second and third paragraphs of said answer, with a memorandum of its grounds therefor, which was overruled as to the second and sustained as to the third paragraph. To the second paragraph of answer appellee filed a reply in five paragraphs. The first was a general denial. The second alleges that appellant extended to the insured credit for the first annual premium, and accepted said credit as payment thereof, and thereby waived the payment of said first annual premium in money. The third alleges that when appellant issued the policy, it knew that the insured had not paid the first annual premium, but continuously treated the policy as being in full force from that date up to the death of the insured; that appellant did not demand the return or cancellation of the policy, but elected to hold the credit of the insured for the first annual premium thereon, and never notified the insured or appellee that it considered the policy as of no effect, but demanded payment of the second annual premium therefor; that by reason of said facts the insured and appellee were led to believe, and did believe, that appellant treated the policy as being in full force, and had waived the actual payment

of said first annual premium; and that appellant is now estopped to deny the validity of the policy. The fourth admits that the insured' did not pay the first annual premium at the time the policy was executed and delivered, but alleges that he paid it later, and that appellant, knowing all the facts, accepted payment thereof without objections. The fifth is similar to the third paragraph and need not be stated here. Appellant filed a demurrer to each paragraph of the reply, except the first, which was overruled.

The cause was submitted to the court for trial, and a special finding of facts was made, which, omitting in a large measure the contents of the policy in suit, is substantially as follows: That on May 3, 1913, appellant's agents, Miles J. Furnas and L. L. Reed, wrote the application of William F. Hale, for a policy of insurance in appellant company, and that said company, by its officers, wrote and signed the policy in suit, insuring the life of said Hale in the sum of $2,500 and naming appellee as beneficiary therein; that said policy was dated May 3, 1913, and contains, among others, the following provisions:

"Incontestibility. This policy and the application therefor shall constitute the entire contract between the parties and shall be incontestible after one year from the date hereof, except for non-payment of premiums, and for violation of the conditions of the policy relating to military and naval service in time of war.

"Provisions and Conditions. No agent is authorized to make, modify or waive any provisions of this contract of insurance, to extend the time for paying any premium nor to arrange for the

payment of the same or to bind the company by making any promise or representation not expressed in this contract.

"This policy shall not become binding upon the company until the first annual premium is actually paid during the lifetime and good health of the insured; and the possession of this policy is not evidence that the first premium has been paid.

"All premiums are payable in advance at the executive office of the company but may be paid to an authorized agent of the company upon the delivery of the receipt signed by the president or secretary and countersigned by such agent."

That on May 3, 1913, appellee was the wife of the insured, and so continued until his death; that said Furnas and Reed, as agents of appellant, both had full authority from appellant to deliver policies of insurance to persons insured and to collect all premiums due thereon; that appellant forwarded said policy, after it was signed, to said Furnas, who was appellant's state agent, and sometime after May 3, 1913, he delivered the same to the insured; that before the delivery of the policy, the insured had not paid the first premium due thereon, and at the time of such delivery said Furnas did not collect said first premium, less the commission to the agent writing the insurance, which was called the net premium due appellant; that it was the custom of appellant to deliver policies to policyholders before the receipt of the first premium, and to charge the amount of said premium, less the agent's commission, to the agent writing the insurance; that said Furnas wrote the

application in this case at the request of said Reed, and signed said Reed's name thereto at his request, as agent of appellant; that said Reed was credited by appellant as the agent writing said application, and under its rules was entitled to a commission for writing the application; that said Reed, under his contract with appellant was entitled to eighty per cent. of the premium of $105.68, and the net premium due appellant was $21.14; that by the contract of said Reed, and the custom followed by appellant and its agents, the agent was only required to forward to appellant said net premium of $21.14, and it was not the duty of appellant, or its other agents or officers, to collect the part of the premium due the agent as his commission; that there is no evidence as to whether the insured, or anyone on his behalf, did, or did not, pay the eighty per cent. of the premium due the said Reed as his commission; that the delivery of said policy to the insured by said Furnas was unconditional; that in the year 1913 appellant kept an account on its books with said agent Reed, and on May 24 of that year entered in said account an item, showing that the insured held said policy of appellant, and in said item charged said Reed with the sum of $21.14, as the net premium due it on said policy; that shortly after said policy was delivered to the insured, he delivered the same to his wife, the appellee herein; that appellee has had said policy in her possession continuously since its delivery to her; that appellant did not at any time demand the return of the same for cancellation, or notify appellee that it considered said policy void, but continuously treated the same as in full force; that soon after said policy was delivered to the insured, the secretary of the appellant,

Edward W. Wickey, learned that the insured had not paid the net premium to either said Reed or Furnas, or to appellant; that some time in the fall of 1913 said Wickey, who was then secretary of appellant, by an arrangement and agreement with the insured, and as a loan to him, paid $21.14, the net premium due on said policy, to appellant, and that it accepted said sum and entered the same in said account with said Reed, as full payment of the net premium due on said policy from said Reed, as the agent who had written the application of the insured; that appellant retained said sum of $21.14, so paid by said Wickey to it, continuously until November 29, 1915, the day on which this case was tried, and did not at any time tender said sum back to the insured or to his personal representatives, or to appellee, until said date; that on the day of said trial appellant tendered said $21.14 to appellee, but did not tender any interest on said sum; that before said Wickey so paid said $21.14, appellant, by said Wickey, its secretary, wrote to the insured a letter or two, demanding that he pay the net premium due on said policy; that in the month of April, 1914, appellant sent to the insured a notice that the second premium on said policy would become due on May 3, 1914; that appellee is the widow of the insured and the beneficiary named in said policy, and that appellant has not paid to appellee any part of the sum named in said policy; that appellant delivered said policy to the insured, and at the time well knew that he had not paid the first premium due under the terms of said policy; that because of the above facts appellant waived the payment of the first premium in advance, on or before the delivery of the policy, and waived the following conditions therein:

"This policy shall not become binding upon the company until the first annual premium is actually paid." That, during the life of the insured, appellant executed to him the policy sued upon in this action and set out in these findings, upon the consideration stated therein, and that at the time of its said execution appellant waived the conditions of said policy in so far as said conditions require the payment of money in advance, or before the delivery of the policy, and also in so far as said conditions provide that said policy shall not become binding upon appellant until the first annual premium is actually paid during the lifetime and good health of the insured; that after the execution of said policy, and before the commencement of this action, the insured died; that before the commencement of this action, to wit, on June 12, 1914, appellee presented to appellant due, proper and sufficient proof of the death of the insured and of her interest in, and claim under, said policy; that said policy was signed and delivered to the insured by appellant for the purpose of putting the same in force, as its obligation, and that as such obligation it was accepted by the insured. On the foregoing facts the court stated the following conclusions of law:

"1. The defendant by delivering said policy unconditionally to the insured, knowing that the first premium was not paid waived all conditions in said policy requiring the first premium be paid in advance before the delivery of the policy and providing that the policy did not become binding upon the company until the first annual premium is actually paid.

"2. The payment of the $21.14, the net premium due to the defendant on the policy sued on by Edward W. Wickey to the defendant was payment by the in-

sured and constituted payment in full of said first premium and the receipt of said sum after the delivery of the policy waived the conditions in the policy requiring payment before the delivery of the policy.

"3. The law is with the plaintiff.

"4. The plaintiff is entitled to recover on her complaint from the defendant the sum of twenty five hundred dollars ($2,500) with interest thereon at 6% per annum from June 12th, 1914, and her cost laid out and expended in this behalf."

Based on these conclusions of law, judgment was rendered in favor of appellee for $2,760.41 and costs.

From this judgment appellant has appealed, and has assigned the following errors on which it relies for reversal: (1) Error of the court in its conclusions of law and each of them. (2) Error of the court in sustaining appellee's demurrer to the third paragraph of appellant's answer. (3) Error of the court in overruling appellant's motion for a new trial. The last assigned error has been waived by appellant, by its failure to state any proposition or point in its brief with reference thereto. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481.

We shall first direct our attention to the alleged error, based on the action of the court in sustaining the demurrer to the third paragraph of answer. It is not clear whether this paragraph is drawn on the theory that the first annual premium was not paid, or on the theory that it was paid, but not at a time when the insured was in good health. If it is construed as being drawn upon the former theory, the court did not commit reversible error in sustaining a demurrer thereto, as all the

facts in that regard were provable under the second paragraph of answer to which a demurrer was filed and overruled. *Fender* v. *Phillips* (1915), 59 Ind. App. 85, 108 N. E. 971. Appellant contends that the sustaining of the demurrer to said paragraph of answer precluded it from introducing evidence to show that the insured was in bad health when the net premium was paid, and that such fact was not known by it until after his death. By this contention appellant treats said paragraph as being drawn upon the latter theory, and, as it appears to be a reasonable construction of the same, we will so consider it in determining its sufficiency.

It will be observed that the paragraph does not allege that appellant did not know that the insured was not in good health when said first annual premium was paid, or when it discovered such fact, or what steps, if any, were taken by it to avoid the policy after acquiring such knowledge. It appears to be drawn on the theory that, if the first annual premium was paid when the insured was not in good health, the policy was void *ab initio*, without any action on the part of appellant. This theory cannot be sustained. If appellant knew, at the time the insured paid said premium, that he was not in good health, but notwithstanding such knowledge, accepted the same, it thereby waived the provision on which said paragraph is based. If it did not have such knowledge at said time, but subsequently learned such fact, and thereafter failed to take the necessary steps, with reasonable promptness, to avoid the policy, it will be held to have affirmed the same. In order to effect such an avoidance, it was essential that appellant

should have notified the insured of its election in that regard, and of its reasons therefor, and should have tendered to him the premium paid thereon. *American, etc., Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380; *Mutual Life Ins. Co.* v. *Finkelstein* (1915), 58 Ind. App. 27, 107 N. E. 557; *Glens Falls Ins. Co.* v. *Michael* (1907), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004, Ann. Cas. 1914A 968. The absence of these essential averments renders the third paragraph of answer insufficient. Appellee has urged other objections to the sufficiency of said paragraph of answer which we deem unnecessary to consider, in view of the conclusion we have already reached.

Appellant contends that the court erred in stating each of its conclusions of law. It bases this contention on the following provision of the policy: "This policy shall not become binding on the company until the first annual premium is actually paid during the lifetime and good health of the insured." It asserts that a compliance with this provision was a condition precedent to the effectiveness of the policy as a binding contract, and as the special finding of facts fails to show a compliance therewith, or a waiver thereof, the conclusions of law are unauthorized. Appellant has cited a number of authorities in support of the validity of such a provision, but we find it unnecessary to discuss them, as we do not question the general propositions which they sustain. As preliminary to a consideration of the question relating to the payment of the first annual premium, it should be noted that the policy contains the following provision:

"This policy   *   *   *   shall be incontestible after one year from the date thereof, except for nonpayment of premiums, and for violations of the conditions of the policy relating to military and naval service in time of war."

An application of this provision of the facts disclosed by the record eliminates from our consideration any question with reference to the health of the insured. *Indiana, etc., Ins. Co.* v. *McGinnis* (1913), 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; *Dibble* v. *Reliance Life Ins. Co.* (1915), 170 Cal. 199, 149 Pac. 171, Ann. Cas. 1917E 34; *Meridian Life Ins. Co.* v. *Milam* (1916), 172 Ky. 75, 188 S. W. 879, L. R. A. 1917B 103.

If we admit the validity of the provision of the policy on which appellant bases its contention, and concede that the special finding of facts fails

6.  to show that the first annual premium was paid prior to, or at the time of, the delivery of the policy, the question of a waiver of such provision by appellant would still remain for our consideration in determining whether such policy became effective as a binding contract at the time of its delivery. The provision in question was inserted in the policy for the benefit of appellant, and could be waived by it. *Majestic Life, etc., Co.* v. *Tuttle* (1915), 58 Ind. App. 98, 107 N. E. 22. The special finding of facts shows that appellant delivered the policy in suit to

7.  the insured unconditionally, for the purpose of putting it in force as its obligation, with knowledge that the insured had not paid the first annual premium, and that the same was accepted by the insured as the obligation of appellant; that thereafter in the fall of 1913, the insured, through an arrange-

ment with the secretary of appellant, paid it the net amount of said first annual premium; that said amount was retained by appellant continuously until November 29, 1915, the day on which the cause was tried, when it tendered the same to appellee, but without interest; that prior to said date appellant did not tender to appellee or to the insured or to his personal representatives, the amount of said net premium so paid it; that in the month of April, 1914, appellant sent to the insured a notice that the second annual premium on said policy would become due on May 3, 1914. These facts clearly sustain the conclusion that appellant waived the condition of the policy which provided that it should not become binding upon appellant until the first annual premium had been actually paid.

Having reached the conclusion announced above, we find it unnecessary to consider whether the payment of the net portion of the first annual premium to appellant under the circumstances stated in the special finding of facts constituted payment in full of such premium. When appellant waived the condition in the policy with reference to the first annual premium and put the policy in force without a compliance therewith, it in effect extended credit to the insured for such premium. *York* v. *Sun Ins. Co.* (1916), 66 Ind. App. 269, 113 N. E. 1021. The unpaid premium thereby became simply a debt due appellant from the insured, to be collected like any other debt. *Ohio Farmers' Ins. Co.* v. *Stowman* (1896), 16 Ind. App. 205, 44 N. E. 558, 940. Under such circumstances a failure to pay the premium would not work a forfeiture of the policy in the absence of

a provision to that effect.  *Ohio Farmers' Ins. Co.* v. *Stowman, supra.*  The briefs do not disclose that the policy contains any provision in that regard, and this court will not search the record for errors on which to base a reversal.  *Chicago, etc., R. Co.* v. *Roth* (1915), 59 Ind. App. 161, 107 N. E. 689, 108 N. E. 971.  Appellant, having waived its right to require the payment of the first annual premium before the policy became effective, cannot reclaim it and predicate a defense thereon.  Bishop, Contracts (2d ed.) §792.  Under these circumstances it does not appear that appellee's right to recovery depends on the actual payment of said first annual premium, and hence any statement in that regard, if unauthorized, was harmless.  The conclusions of law, properly stated on the facts found, fully justify the judgment rendered.  When this is true the statement of other conclusions of law, if erroneous, is not reversible error.  *Hilbish* v. *Hattle* (1895), 145 Ind. 59, 44 N. E. 20, 33 L. R. A. 783; *Coburn* v. *Sands* (1897), 150 Ind. 141, 48 N. E. 786; *White* v. *Chicago, etc., R. Co.* (1890), 122 Ind. 317, 23 N. E. 782, 7 L. R. A. 257; *Cumberland Tel., etc., Co.* v. *Kranz* (1911), 48 Ind. App. 67, 95 N. E. 371; *Daily* v. *Smith* (1918), 66 Ind. App. 383, 118 N. E. 312.

We find no reversible error in the record.  Judgment affirmed.