(40 Misc. Rep. 439.)

CULLINAN, State Excise Com'r, v. BOWKER et al.

(Supreme Court, Trial Term, Franklin County. April, 1903.)

1. INDEMNITY BOND—VALIDITY—AUTHORITY OF AGENT.

A clerk in the office of a local agent of an indemnity company can, when the local representative is absent, issue a bond of indemnity under the liquor tax law, and waive a written condition of its issuance.

2. SAME—WAIVER OF CONDITIONS.

Where a bond of indemnity issued by a surety company under the liquor tax law contained a provision that it should bind the company

only when signed by its local representative, and he did not sign it when it was issued, but promised so to do, and signed it after a breach had occurred, of which he was ignorant, the surety company was liable on the bond, either on the ground of waiver, or because the agent had done what he had promised to do.

Action by Patrick W. Cullinan, State Commissioner of Excise, against Harry W. Bowker and the Ætna Indemnity Company. Judgment for plaintiff.

Mead, Stranahan & Guile, for plaintiff.
Badger & Cantwell, for defendants.

JOHN M. KELLOGG, J. The defendant indemnity company is surety on a bond given by the defendant Bowker under the liquor tax law, and this action is brought to recover the penalty of said bond, on account of its breach by said Bowker. The indemnity company contends that it is not liable on said bond, for the reason that it was not countersigned by Frank S. Channel, its local representative; the bond containing a provision that "this bond shall bind the said company only when signed by Frank S. Channel its lawful resident assistant secretary." When application was made at the office of Mr. Channel for the bond, he was absent, but the insurance and bonding business which he carried on was then in charge of his clerk. The clerk issued the bond, delivered it to the principal, and then telephoned to the county treasurer that Mr. Channel was away from home, but had directed him to say that he would countersign the bond as soon as he returned, to which the treasurer assented, and the bond was accepted, and a liquor tax certificate issued thereon. Some time afterwards Mr. Channel returned, and countersigned the bond. The breach had then occurred, but he was ignorant of it.

Surety companies are doing a large and increasing business, and seem to be doing it on the general lines followed by insurance companies; and it is, perhaps, not inappropriate to apply the law relating to the powers of the local agents of insurance companies in their issuing policies to the acts of the local agents in issuing these bonds. This is particularly true, as the cases hold that the general powers of the agents of insurance companies as to waiving the provisions in the policies as to conditions existing at the time of issuing them rests not upon provisions peculiar to insurance law, but are found in the general law of principal and agent. Quinlan v. Providence Washington Ins. Co., 133 N. Y. 363, 364, 31 N. E. 31, 28 Am. St. Rep. 645. It is also held that a local agent to whom policies are issued in blank, to be countersigned and delivered, is, for the purpose of delivering the policy and effecting the insurance, the general agent of the company, and has full power to waive provisions in the policy with respect to the conditions upon which it shall have inception and go into operation as a contract. Wood v. American Fire Ins. Co., 149 N. Y. 382, 385, 44 N. E. 80, 52 Am. St. Rep. 733; Robbins v. Springfield Fire Ins. Co., 149 N. Y. 477, 44 N. E. 159. The clerk in the office of the local agent may fill up, execute, and even countersign, policies, and waive provisions and conditions, the same as his principal, the company's agent, may do. Bodine v. Exchange Fire I. Co., 51 N. Y. 117, 10 Am. Rep.

566; Arff v. Star Fire Ins. Co., 125 N. Y. 57, 25 N. E. 1073, 10 L. R. A. 609, 21 Am. St. Rep. 721. The General Term in this department has held that such clerk, where the policy reads that it shall not be binding until countersigned by its authorized and commissioned agent, may countersign the policy, and that it is valid. Clark v. Glens Falls Ins. Co., 21 Wkly. Dig. 197.

In this case it cannot be doubted that the defendant's general superintendent might have personally delivered this bond without Channel's countersigning it, and that the company could not defend upon the ground that it was not countersigned. Channel being the general agent at Malone for the issuing of these bonds, if he had in person delivered this bond to the treasurer without being countersigned, the defendant could not defend, for the countersigning was only to insure the delivery by him, and related only to the manner in which the bond should be executed and delivered. This is squarely held in Myers v. Life Ins. Co., 27 Pa. 268, 67 Am. Dec. 462, approved in Van Schoick v. Niagara Fire Ins. Co., 68 N. Y. 440. The above case establishing that if the bond had been issued by Channel himself, and not countersigned, it would be valid, it must follow that, having been delivered by his clerk with his consent and approval, and presumably by his direction, it is equally valid. The defendant contends that Channel could not delegate to his clerk the discretion and powers conferred upon him. But it is held that performing these duties by his clerk is performing them by himself, and is not a delegation of the powers. An insurance agent or bonding agent must have the right to employ a reasonable and necessary clerical force, and his clerks, acting under his direction and within his authority, must have power to bind his companies. We cannot assume that Channel did not, by directions to his clerk, exercise all the discretion which the defendant desired him to use, and which it was his duty to do. Neither can we assume that the clerk acted outside of his instructions. It is a fair inference, therefore, that this particular bond was issued by Channel in the ordinary course of business, and that, while the clerk performed the acts, they were done pursuant to the discretion and directions of the agent. According to the law, this bond could have been accepted only as a completed instrument; and Mr. Channel, and his clerk acting for him, must have known when the bond was delivered to the principal, to be by him delivered to the county treasurer, that it was delivered as a completed bond, although it was contemplated that the formal countersigning by Channel was to be done strictly to comply with the terms of the bond. The county treasurer or the excise commissioner had the right, under the circumstances, to insist that the bond be countersigned, if necessary, and, by proper proceedings, could have compelled such act to be done. It is probable that the law, for all practical purposes, would deem it as done, but, if not, the subsequent act of Channel in countersigning the bond was simply doing what he, and through him the company, had agreed to do before the breach occurred; and therefore Mr. Channel, by countersigning in ignorance of the default, violated no duty towards the defendant, but only did what the defendant, through him, had agreed to do. It therefore seems that this case

is the same as if the defendant itself had delivered this bond to the county treasurer, and that the provision that it must be countersigned by Channel was either waived at the time, or else was so far merely formal that it may be said to have been complied with when he, by his clerk, delivered the bond. The plaintiff is therefore entitled to judgment. Proper findings or decision may be submitted.

Judgment for plaintiff.