## HOME INSURANCE COMPANY OF NEW YORK *v.* STRANGE

[No. 9,794.    Filed April 24, 1919.]

1. INSURANCE.—*Agents.—Delegation of Authority.*—Generally, agents of insurance companies who are authorized to contract for risks, receive and collect premiums, and deliver policies, may confer

upon a clerk, or subordinate, authority to execute the same powers, the service not being of a personal character.  p. 54.

2.  INSURANCE.—*Fire Insurance.—Notice of Vacancy.—Sufficiency.*— Under a fire insurance policy stipulating that the policy would be void if any of the buildings insured remained vacant for more than ten days without the insurer's consent, a notice of vacancy was sufficient when given to the bookkeeper and policy clerk employed by agents for the insurance company, upon her assurance that she would take a note of the notice and bring it to the attention of one of the agents on his return to the office.  p. 55.

3.  INSURANCE.—*Notice to Agency for Insurer.*—Notice to the agent of an insurance company is binding, though not communicated to it.  p. 57.

4.  INSURANCE.—*Fire Insurance.—Conditions.—Vacancy.*—The condition in a fire policy that vacancy of the building insured without the written consent of insurer shall avoid the policy, being a stipulation in favor of the company, may be waived by express agreement or conduct, and such waiver can be by the promise, failure and conduct of the company's authorized agent.  p. 57.

5.  INSURANCE.—*Fire Insurance.—Breach of Conditions.—Failure to Assert Forfeiture.*—Where a fire insurance company had notice of the purpose of insured to change the use of a dwelling to that of storage house, and it failed to assert its right of forfeiture, it waived such right.  p. 57.

6.  APPEAL.—*Review.—Harmless Error.—Exclusion of Evidence.*— In an action on a fire policy, error, if any, in excluding a letter, written by insured in negotiations for compromise, containing an admission of blame, was harmless, where the insurer's agent testified to the same admission made by insured to him, and such admission was not denied by insured.  p. 58.

From Grant Superior Court; *Robert M. VanAtta,* Judge.

Action by James B. Strange against the Home Insurance Company of New York.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*John H. Edwards* and *Condo & Browne,* for appellant.

*Meade S. Hays,* for appellee.

NICHOLS, J.—This action was commenced in the Superior Court of Grant county, May 14, 1916, by the

appellee against the appellant on a fire insurance policy, for damages for the loss of a building by fire, such building being a portion of the property covered by said policy. The policy contains the following provision:

> "If the premises described shall be occupied for other than farm purposes or if any of the buildings described are now vacant, unoccupied or uninhabited, or shall become vacant, unoccupied or uninhabited, and so remain for a period exceeding ten days, without written consent hereon, then * * * this policy shall be null and void. * * * This company reserves the right to cancel this policy or any part thereof, by tendering to the assured the unearned prorate premium, after due notice to that effect, etc. * * * The Secretary or Assistant Secretary of the Western Farm Department, at Chicago, Ill., alone shall have authority to waive or alter any of the terms or conditions of this policy."

The amended complaint contains the following averment: "That at the time said building No. 3 was insured, the same was being used as a dwelling house; that said building continued to be used by this plaintiff as a dwelling house until the 27th day of February, 1913; that upon said last named date, this plaintiff informed the firm of Cushwa & Presnall, who were the duly acting and authorized agents of said defendant company at that time, that from and after the said 27th day of February, 1913, he would cease to use said building as a dwelling, but would use said building for storage purposes only; that the defendant company well knowing the purposes and inten-

tions of this plaintiff, failed and neglected to cancel said policy, to return or offer to return to said plaintiff the unearned premiums on said building, or any part thereof, and failed and neglected to notify said plaintiff that the insurance on the said building would not continue to be in force, or to inform him in any manner or form, that said building was not fully protected by said policy; that no notice was ever given to the plaintiff that said policy was held to be null and void, or that said protection had been withdrawn by said defendant company, until after the said building had been consumed by fire on the 17th day of May, 1914; and that plaintiff avers and charges that by reason of said company failing and neglecting to so notify said plaintiff or to tender back to him the unearned premiums, or to cancel his policy, that said defendant company waived the provisions of the policy relating thereto.''

The amended complaint was answered in two paragraphs, the first being a general denial, and the second averring in substance that: Plaintiff had not performed all of the conditions of said policy in that after said policy was executed and delivered, said building became vacant and that the plaintiff, by due request and application therefor, received two separate, distinct vacancy permits, the last of which expired December 9th, 1912, prior to the alleged fire, and that no other permit had been applied for and that the building was vacant at the time of the fire; that as soon as the defendant learned of the vacancy of the said building, which was after said fire, it promptly offered plaintiff to return to him the entire amount of premium paid by him covering said building, but the plaintiff refused to accept the same.

The appellee filed a reply to the second paragraph of answer, and the cause, being at issue, was submitted to the jury for trial, and a verdict for $1,200 was returned for appellee. The court, after overruling appellant's motion for a new trial, rendered judgment on the verdict in favor of the appellee and against appellant, from which judgment this appeal is prosecuted.

The overruling of appellant's motion for a new trial is the only error assigned.

It appears by the evidence in this case that Cushwa and Presnall were the agents of the appellant insurance company, at Marion, Indiana, and had in their employ Miss Sue Wallace, who testified that she was employed as "general office girl, bookkeeper and policy clerk and general office work." She had been so employed with such agents for about eleven years. It does not appear by the evidence that these agents were the agents of any other companies than the appellant. The appellee was the holder of a policy issued to him by the appellant through the office of their said agents Cushwa and Presnall, which policy covered the period from June 7, 1910, to June 7, 1915, the amount of the insurance being $10,000, and the consideration therefor being $200, in installments as follows, to wit: $50, cash; $50, July 1, 1912; $50, July 1, 1913; $50, July 1, 1914. And all the installments due had been paid at the time of the fire loss, which is the occasion of this action. This insurance was upon three dwelling houses, upon other buildings such as barns, sheds, granaries, cribs and other outbuildings, and upon personal property located in such buildings as appears by the policy, and it does not appear that there was any difference in the rate of insurance upon the buildings whether

the same were used as dwellings, or barns, or for storage purposes. On February 27, 1913, appellee went to the office of the agents of the appellant and found Miss Wallace to be the only person in the office at that time; he made inquiry for either Mr. Cushwa or Mr. Presnall, and was informed by Miss Wallace that neither of the gentlemen were in the office, but that she was looking for them to return soon, and she invited him to wait. He did wait until he was compelled to leave before their return, and when leaving he informed her that he had come in to notify the appellant company that he would not use building No. 3, known in the policy as the hotel building, as a dwelling any longer, and that it would be used for storage. She then informed him that she could take note of anything that he had, and it would be as good as if Mr. Cushwa were in, as she could notify him when he came in. She took a piece of paper and made a note of the matter and placed it on her desk. Before that time appellee had been granted two vacancy permits for this building, both of which had expired. After this date the building was used as storage for automobiles, tools, clover seed, etc., and Dr. Mattson had stored some things in the building. The building was destroyed by fire May 17, 1914. It will be observed that after the conversation of February 27, 1913, between the appellee and Miss Wallace, and before the date of the destruction of the building by fire, the appellee paid another $50 installment of the premiums.

Appellant contends that it was error to admit in evidence, over the objection and exception of the appellant, the conversation between Miss Wallace

1. and the appellee, James B. Strange, for the purpose of proving knowledge or notice to the

appellant and waiver of the vacancy provision in the policy and the written consent by appellant, and contends that the position that Miss Wallace had with the firm was not such evidence of authority as would bind the appellant upon any matter affecting the policy in suit. It is not disputed that the firm of Cushwa and Presnall were the duly appointed agents of the appellant, and that they were fully recognized as such. Generally, agents of insurance companies authorized to contract for risks, receive and collect premiums, and deliver policies, may confer upon a clerk, or subordinate, authority to execute the same powers. The service is not of such a personal character as to come under the maxim *deligatus non potest delegare.* May, Insurance §154; *International Trust Co.* v. *Norwich, etc., Ins. Co.* (1895), 71 Fed. 81, 86, 17 C. C. A. 608; *Hartford Fire Ins. Co.* v. *Josey* (1894), 6 Tex. Civ. App. 290, 25 S. W. 685; *Steele* v. *German Ins. Co., etc.* (1892), 93 Mich. 81, 84, 85, 53 N. W. 514, 18 L. R. A. 85; *Continental Ins. Co.* v. *Ruckman* (1889), 127 Ill. 364, 20 N. E. 77, 11 Am. St. 121; *Bodine* v. *Exchange Fire Ins. Co.* (1872), 51 N. Y. 117, 10 Am. Rep. 566; *Pollock* v. *German Fire Ins. Co.* (1901), 127 Mich. 460, 86 N. W. 1017; 22 Cyc 1432; *Cullinan* v. *Bowker* (1903), 40 Misc. Rep. 439, 82 N. Y. Supp. 707.

The case of the *International Trust Co.* v. *Norwich, etc., Ins. Co., supra,* was one similar in principle to the instant case. The court said: "It does

2. not follow that, because a person is employed by an agent of an insurance company rather than by the company itself, none of such person's acts or representations are binding on the company. It is customary for agents having charge of important

agencies to employ persons to perform clerical and much other work in their office, and to assist them generally in the discharge of the various duties which such agents have to perform. The business of insurance could not well be transacted without such assistants, and all insurance companies are doubtless well aware of the practice of employing them. It results from this well-known business usage that acts done and information given by such subordinate employes in the line of their duty should be held binding upon the companies which they represent." In that case one Shepard was the confidential employe and bookkeeper of the agency firm, and had been for some years serving apparently in the same capacity as Miss Wallace in the instant case. In response to appellee's inquiry as to what he should do in regard to the matter, after he had told her of his business, she was ready to assure him, and did assure him, that she could take a note of it, and that it would be just as good as if Presnall were in, and that she could notify him when he came in, and she took a piece of paper and made a note of it. This is such a common and accepted method of transacting business, particularly insurance business, that to question its validity would but beget a want of confidence in insurance business that the companies themselves could not afford to have exist. It not infrequently happens that insurance agencies are incorporated, or that their business is done through trust companies organized not only for that purpose, but for other purposes as well, and that such business is transacted altogether by the clerical force, the president, manager, or other responsible officers of such corporation being absent from the place of business much of the time. We

hold that the notice given by the appellee to Miss Wallace was notice to the agents, and through them to the company, that the building at the time was being used as a storage house instead of a dwelling, and that it was thereafter to be so used. It has been held in this state that notice to the agent is binding upon the company, though not communicated to it. *German Fire Ins. Co.* v. *Greenwald* (1912), 51 Ind. App. 469, 99 N. E. 1011.

Appellant insists that the provision in the policy that, if the building should become vacant, unoccupied, or uninhabited, and so remain exceeding a period of ten days without the written consent of the company on the policy, the same becomes null and void, is a condition that cannot be waived by the agent. But it has been held that such provisions are stipulations in favor of the company which it can waive by express agreement, or by its conduct, and such waiver can be by the promise, failure and conduct of the appellant's authorized agent, and that the appellant is thereby estopped to deny such waiver. *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 116 N. E. 752. The appellant having had notice of the purpose of the appellee to change the use of the building so insured as aforesaid, it was then its duty to inform the appellee that it would not thereafter carry the risk, if it was its purpose not so to carry it, and, failing so to do, it cannot now escape its liability upon this ground. It knew the fact about the change of use and of its right to declare a forfeiture by reason thereof, and it failed to assert its right, and the law regards it as having waived the same. *York, Rec.,* v. *Sun Ins. Co.* (1917), 66 Ind. App. 269, 113 N. E. 1021;

*Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 12 N. E. 137, 60 Am. Rep. 689; *Home Ins. Co., etc.* v. *Marple* (1890), 1 Ind. App. 411, 27 N. E. 633. It does not appear by the policy that the company deemed the risk, when a building was used for storage purposes, greater than when it was used for a dwelling, as there seems to be no difference in the rate, the policy covering storage buildings as well as dwellings, so that the right of forfeiture seems to be technical rather than substantial. Claiming the right of forfeiture, it could have returned the unearned premium and elected to declare the policy forfeited, but, instead of doing this, it collected another premium after the notice aforesaid and before the fire. It could not wait until after the loss, and then claim exemption from the payment for such loss because of the forfeiture of conditions of the policy of which it had notice. *Phenix Ins. Co., etc.* v. *Boyer* (1890), 1 Ind. App. 329, 336, 27 N. E. 628.

6. Appellant claims that the court erred in refusing to admit in evidence the appellant's exhibit No. 8, which was a letter written by appellee to appellant company. This letter was written in negotiations for compromise, but contains the following statement: "Feeling that I also was in some sense to blame," which appellant contends was a statement of an independent fact not necessary to the negotiations in compromise. Even if this were error, such error was made harmless by the evidence of H. L. Cushwa, witness for the appellant, who testified to the same admission made by the appellee to him, and this admission is not denied by appellee. An error in excluding evidence is harmless where such evidence is admitted at another time or in another

form. *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 112 N. E. 3; *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457; *Koehler* v. *Harmon* (1913), 52 Ind. App. 315, 98 N. E. 1009; *Brinkman* v. *Pacholke* (1908), 41 Ind. App. 662, 84 N. E. 762.

We find no available error. Judgment is affirmed.