BECKMAN, RESPONDENT, v. NATIONAL COUNCIL OF KNIGHTS & LADIES OF SECURITY, APPELLANT.

(No. 4,559.)

(Submitted November 2, 1921. Decided December 7, 1921.)

[204 Pac. 487.]

*Life Insurance—Application—False Answers—Breach of Warranties—Policy Void.*

1. Where the answers to questions in an application for life insurance were by the policy made warranties, and the applicant in reply thereto stated that she had not been treated by or consulted a physician within the past five years and that she had not undergone an operation for appendicitis, whereas the evidence showed that she had been treated by a physician on many occasions within that time and had been operated on for appendicitis, the policy was void, and the trial court erred in refusing to grant defendant's motion for a directed verdict.

---

1. Misrepresentation by insured as avoiding life insurance policy, see note in Ann. Cas. 1915A, 460.

When may statements be regarded as representations, although expressly denominated in policy as warranties, see note in 11 L. R. A. (n. s.) 981.

(512)

*Appeals from District Court, Deer Lodge County; George B. Winston, Judge.*

Action by Nels Beckman against the National Council of Knights & Ladies of Security. Judgment for plaintiff, and from it and an order refusing it a new trial defendant appeals. Reversed, with direction to enter judgment for defendant.

*Mr. Chas. E. Avery,* for Appellant, submitted an original and a supplemental brief and argued the cause orally.

Where a material false representation or breach of warranty is shown by the uncontradicted evidence, and no waiver thereof by the insurer is proved, a nonsuit should be granted or a verdict directed for defendant. (25 Cyc. 951.) "If the truth of the statements made in application for insurance is warranted its falsity will avoid the policy though not material." (*Fitzgerald* v. *Metropolitan Life Ins. Co.,* 90 Vt. 291, 98 Atl. 498.) "Where the insured applying for life insurance in his application forming a part of the policy falsely answered that he had not been treated for alcoholism, the false answer is material to the risk and avoided the policy." (*Doherty* v. *Mutual Life Ins. Co.,* 166 N. Y. Supp. 838. Also see *Metropolitan Life Ins. Co.* v. *Jennings,* 130 Md. 622, 101 Atl. 608; *Metropolitan Life Ins. Co.* v. *Schmidt,* 29 Ky. Law Rep. 255, 93 S. W. 1055.)

*Mr. John W. James,* for Respondent, submitted a brief and argued the cause orally.

Statements like those made by the insured in this case are facts held to be representations and not warranties. (*Campbell* v. *New England Mut. Life Ins. Co.,* 98 Mass. 381; *Daniels* v. *Hudson River Fire Ins. Co.,* 12 Cush. (Mass.) 416, 59 Am. Dec. 192; *Supreme Lodge Knights of Pythias* v. *Edwards,* 15 Ind. App. 524, 41 N. E. 850; *Northwestern Mutual Life Ins. Co.* v. *Woods,* 54 Kan. 663, 39 Pac. 189; *Miller* v. *Mutual Ben. Life Ins. Co.,* 31 Iowa, 216, 7 Am. Rep. 122; *Anders* v.

*Supreme Lodge Knights of Honor,* 51 N. J. L. 175, 17 Atl. 119; *Northwestern Benevolent & Mut. Aid Assn.* v. *Cain,* 21 Ill. App. 471; *Modern Woodman Accident Assn.* v. *Shryock,* 54 Neb. 250, 39 L. R. A. 826, 74 N. W. 607.) Courts will never construe language to mean a warranty unless it is so clear as to preclude any other construction. (*Spencer* v. *Central Acc. Ins. Co.,* 236 Ill. 444, 19 L. R. A. (n. s.) 88, 86 N. E. 104.) The language must be clear and unambiguous. (*Metropolitan L. Ins. Co.* v. *Johnson,* 49 Ind. App. 233, 94 N. E. 785.) Statements made in good faith and on the best information had and obtainable will not vitiate a policy, if incorrect and not willfully untrue. (*Supreme Lodge Knights of Honor* v. *Dickson,* 102 Tenn. 255, 52 S. W. 862.) The strong inclination of the courts is to make statements or answers of the insured binding only so far as they are material to the risk, where this can be done without doing violence to the clear intention of the parties expressed in unequivocal and unqualified language to the contrary. (*Moulor* v. *American Life Ins. Co.,* 111 U. S. 335, 28 L. Ed. 447, 4 Sup. Ct. Rep. 446; *First Nat. Bank* v. *Hartford Fire Ins. Co.,* 95 U. S. 673, 24 L. Ed. 563 [see, also, Rose's U. S. Notes]; *Price* v. *Phoenix Mut. L. Ins. Co.,* 17 Minn. 497, 10 Am. Rep. 166; *Campbell* v. *New England Mut. Life Ins. Co.,* 98 Mass. 381; *Fowler* v. *Aetna F. Ins. Co.,* 6 Cow. (N. Y.) 673, 16 Am. Dec. 460; *Piedmont etc. Ins. Co.* v. *Young,* 58 Ala. 476, 29 Am. Rep. 770; Parsons' Contracts, 465; *Glendale Woolen Co.* v. *Protection Ins. Co.,* 21 Conn. 19, 54 Am. Dec. 309.) While the authorities are not in harmony on this proposition, we are of the opinion that the correct rule applicable to questions of this character is that the disorder, to constitute a breach of warranty, must be of a substantial nature, and not a mere temporary functional indisposition. (*Standard Life etc. Ins. Co.* v. *Martin,* 133 Ind. 376, 33 N. E. 105; *Brown* v. *Metropolitan L. Ins. Co.,* 65 Mich. 306, 8 Am. St. Rep. 894, 32 N. W. 610; *Modern Woodmen* v. *Wilson,* 76 Neb. 344, 107 N. W. 568; *Franklin L. Ins. Co.* v. *Galligan,* 71 Ark. 295, 100 Am. St. Rep. 73, 73 S. W. 102;

*Blumenthal* v. *Berkshire L. Ins. Co.*, 134 Mich. 216, 104 Am. St. Rep. 604, 96 N. W. 17; *McCollum* v. *New York Mut. L. Ins. Co.*, 124 N. Y. 642, 27 N. E. 412; *Woodward* v. *Iowa Life Ins. Co.*, 104 Tenn. 49, 56 S. W. 1020; *Billings* v. *Metropolitan L. Ins. Co.*, 70 Vt. 477, 41 Atl. 516.) An occasional call on a physician who found no serious ailment is not proof of a false answer. (*Mutual Reserve L. Ins. Co.* v. *Dobler,* 137 Fed. 550, 70 C. C. A. 134.) Nor is the prescribing twice for indigestion a showing of bad faith. (*Fidelity M. Life Assn.* v. *Ficklin,* 74 Md. 172, 21 Atl. 680, 23 Atl. 197.) We understand it to be a question for the jury to determine whether the facts which appear in evidence are so far inconsistent with the answers relied upon in the application as to establish a material misrepresentation. (*Aetna Ins. Co.* v. *Simmons,* 49 Neb. 811, 69 N. W. 125, 135.)

MR. COMMISSIONER JACKSON prepared the opinion for the court.

On February 23, 1917, at Anaconda, Montana, Carrie M. Beckman had issued to her by the National Council of Knights & Ladies of Security, a Kansas City corporation, a beneficiary certificate on her life in the sum of $2,000.

By the terms of the certificate defendant agreed, upon the death of Carrie M. Beckman, to pay to Nels Beckman, the beneficiary, a sum of $2,000, providing that in case the insured died within six months after delivery of the certificate the defendant would pay to the beneficiary sixty per cent of the face of the policy, viz., $1,200.

Carrie M. Beckman died on May 31, 1917, and the defendant refused to pay any sum to the plaintiff, whereupon plaintiff brought this action for the recovery of $1,200, with interest from June 15, 1917, the date upon which he duly and regularly made his claim.

Defendant sought to avoid liability on the ground that certain answers contained in the medical examination were untrue. The case was tried to a jury which returned a verdict for

plaintiff. From the judgment and an order denying a new trial defendant appeals.

Several assignments of error are set forth, but it is not necessary for a full determination of the case to consider any except the refusal of the court to grant defendant's motion for a directed verdict.

The entire proof showed that when Carrie M. Beckman made [1] her application for membership she underwent a medical examination. Among other answers to questions in her application, she stated: "That I have not now and never have had and no physician has ever treated me for or advised or informed me that I had any of the following named diseases * * * appendicitis * * * ." The following questions, answered by the insured, also appear: "Have you either consulted or been treated by any physician or surgeon within the past five years for any illness, disease or injury?" "No." "Have you undergone any surgical operation or have you any bodily malformation or weakness?" "No."

In her application, Mrs. Beckman made the following statement: "I hereby make application for a beneficiary certificate from the National Council of Knights and Ladies of Security. And I hereby declare that the foregoing answers and statements are true, full and correct, and I acknowledge and agree that the said answers and statements, with this application, shall form the basis of my agreement with the Order, and constitute a warranty. I hereby make my medical examination a part of this application and agree that this application and medical examination shall be considered a part of my beneficiary certificate and together with the constitution and laws of the society as now existing or hereafter amended shall constitute my contract with the society."

The beneficiary certificate, upon which this action is based, provides as follows: "This Beneficiary Certificate is issued by said National Council and accepted by the member only upon the following express warranties, conditions and agreements.

"1. That the application for membership in this Order,

made by the said member, together with the report of the medical examiner, which is on file in the office of the National Secretary, and both of which are made a part hereof, are true in all respects, and each and every part thereof shall be held to be a strict warranty and to form the only basis of the liability of the Order to said member, or said member's beneficiaries, the same as if fully set forth in this certificate and that the application and medical examination herein referred to and the constitution and laws of the society as the same now exist or as may be hereafter enacted, and this Beneficiary Certificate shall all be construed together as forming parts of the contract between the National Council and the member.

"2. That if said application and medical examination shall not be true in each and every part thereof, then this Beneficiary Certificate shall as to said member, or said member's beneficiary, be absolutely null and void.

"3. This Certificate is issued in consideration of the warranties and agreements made by the person named in this Certificate in said member's application to become a member of this order and in said member's medical examination, and also in consideration of the payments made' when initiated as a member, the said member's agreement to pay all assessments and dues to become due during the time said member shall remain a member of this order, in the manner prescribed in the Laws of the Order."

There can be no question but that the application forms part of the benefit certificate and that express warranties as part consideration for the issuing of the certificate were made by the insured. If these warranties were in fact not true, there is no liability on the part of the defendant.

Mrs. Beckman had by undisputed testimony been treated by a physician on many occasions during the five years immediately preceding her medical examination. She had also been operated on for appendicitis; therefore the facts she warranted as being true in her application were in reality not true.

A life insurance risk is always based on the physical condition of the insured. This condition must necessarily depend in large measure upon physical history which comes to the examiner by the statements of the applicant. The insurance company may conclude to decline the risk and in order to act intelligently in this respect it is entitled to know as a matter of right what has been the true physical history.

The motion for a directed verdict should have been granted.

In the case of *Mandoli* v. *National Council of Knights & Ladies of Security,* 58 Mont. 671, 194 Pac. 493, Mr. Justice Cooper has expounded the law of this state on the identical question involved here. It is really a companion to the instant case and fully determinative of its merits, so that further discussion and analysis are superfluous here.

For the reasons herein stated we recommend that the judgment and order be reversed and the cause remanded to the district court, with directions to enter judgment for the defendant.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order are reversed and the cause remanded to the district court, with directions to enter judgment for the defendant.